UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID NAGER & ASSOCIATES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNIVERSAL AUTOMOTIVE, INC., ) <br> ) <br> Defendant. ) | CIVIL ACTION NO. 04-10945-RGS |

## ANSWER AND JURY DEMAND

Defendant Universal Automotive, Inc. ("Universal"), pursuant to Fed. R. Civ. P. 8, responds to the Complaint of plaintiff David Nager & Associates, Inc. ("Nager"), by corresponding numbered paragraphs, as follows:

1. As Paragraph 1 merely purports to summarize the Complaint, no response is required. To the extent any response is required, Universal denies that it has any liability to Nager.

2. Universal is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2.

3. Universal admits the allegations of Paragraph 3.

4. Universal is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, as Universal does not know the citizenship of Nager.

5. Universal admits that it transacts business in Massachusetts and has contracted to supply things in Massachusetts. As stated in Paragraph 4 above, however, Universal does not admit that this Court has subject matter jurisdiction over this action; accordingly, Universal does not admit that the Court has personal jurisdiction in this action.

6. Universal admits that a substantial part of the events alleged in the Complaint allegedly occurred in Massachusetts. As stated in Paragraph 4 above, however, Universal does not admit that this Court has subject matter jurisdiction over this action; accordingly, Universal does not admit that venue is proper.

7. Universal admits that in the past Nager was a sales representative that accepted orders for Universal's products. Except as expressly admitted in the foregoing sentence, Universal denies the allegations of Paragraph 7.

8. Universal admits the allegations of Paragraph 8.

9. Universal denies the allegations of Paragraph 9.

10. Universal is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10.

11. Universal admits that Consumer Auto Parts, Inc. ("CAP") reduced its purchases of Universal products. Except as expressly admitted in the foregoing sentence, Universal denies the allegations of Paragraph 11.

12. Universal is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12.

13. Universal admits that in 2003, at Universal's request, Nager arranged personal meetings between representatives of Universal and Nager, on the one hand, and CAP and Lappen's Auto Supply, Inc. ("Lappen's), on the other hand. Except as expressly admitted in the foregoing sentence, Universal is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 13.

14. Universal admits that in 2003 it entered a supply agreement with CAP, and in 2003 it entered a supply agreement with Lappen's. Except as expressly admitted in the foregoing sentence, Universal denies the allegations of Paragraph 14.

15. Universal denies the allegations of Paragraph 15.

16. Universal denies the allegations of Paragraph 16.

17. Universal denies the allegations of Paragraph 17.

18. Universal denies the allegations of Paragraph 18.

19. Universal denies the allegations of Paragraph 19.

20. Universal admits that in 2004 it orally informed Nager that Universal intended to discontinue Nager as a Universal sales representative. Except as expressly admitted in the foregoing sentence, Universal denies the allegations of Paragraph 20.

21. Universal admits that on March 25, 2004, it sent Nager a letter which is selectively quoted in the Complaint. Except as expressly admitted in the foregoing sentence, Universal denies the allegations of Paragraph 21.

22. Universal admits that on March 25, 2004, it sent Nager a letter which is selectively quoted in the Complaint. Except as expressly admitted in the foregoing sentence, Universal denies the allegations of Paragraph 22.

23. As the allegations of Paragraph 23 are not short plain statements but rather incomprehensible, ambiguous and argumentative, no response is required. To the extent any response is required, Universal denies it has any liability to Nager.

24. Universal incorporates by reference its foregoing responses.

25. Universal denies the allegations of Paragraph 25.

26. Universal denies the allegations of Paragraph 26.

27. Universal denies the allegations of Paragraph 27.

28. Universal incorporates by reference its foregoing responses.

29. Universal denies the allegations of Paragraph 29.

30. Universal denies the allegations of Paragraph 30.

31. Universal denies the allegations of Paragraph 31.

32. Universal incorporates by reference its foregoing responses.

33. Universal denies the allegations of Paragraph 33.

34. Universal denies the allegations of Paragraph 34.

35. Universal denies the allegations of Paragraph 35.

36. Universal incorporates by reference its foregoing responses.

37. Universal admits the allegations of Paragraph 37.

38. Universal denies the allegations of Paragraph 38.

39. Universal denies the allegations of Paragraph 39.

40. Universal denies the allegations of Paragraph 40.

41. Universal denies the allegations of Paragraph 41.

## FIRST AFFIRMATIVE DEFENSE

Nager's claims are barred by the statute of frauds.

## SECOND AFFIRMATIVE DEFENSE

Nager was not the procuring cause of the alleged sales on which it seeks commission payments.

## THIRD AFFIRMATIVE DEFENSE

At all times Universal acted in good faith with respect to Nager.

## FOURTH AFFIRMATIVE DEFENSE

The relationship between Universal and Nager was terminable at will.

## FIFTH AFFIRMATIVE DEFENSE

Universal's actions were privileged.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Nager suffered any damages (which Universal expressly denies), Nager failed to mitigate any such damages and any such damages were caused by Nager and/or persons other than Universal.

## SEVENTH AFFIRMATIVE DEFENSE

Mass. Gen. Laws c. 93A does not apply.

## EIGHTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the subject matter.

## NINTH AFFIRMATIVE DEFENSE

Nager fails to state a claim upon which relief can be granted.

## REQUESTS FOR RELIEF

Universal respectfully requests the Court:

A. Enter final judgment dismissing with prejudice the entirety of Nager's Complaint;

B. Award Universal its costs and attorney's fees; and

C. Enter such other and further relief as is just.

## JURY DEMAND

Universal demands a trial by jury.

UNIVERSAL AUTOMOTIVE, INC.

By its attorneys,

T. Christopher Donnelly (BBO# 129930)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

Of Counsel:

John F. Pollick, Esq.
McGuire Woods LLP
150 North Michigan Avenue, Suite 2500
Chicago, IL 60601-7567
(312) 750-5757

Dated: August 18, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand

Date:_____